Stein, J.
(dissenting). Because I am of the view that the plain reading of CPL 440.46 renders defendant ineligible for resentencing, I respectfully dissent. As the majority notes, CPL 440.46 (5) expressly excludes from eligibility for resentencing “any person who is serving a sentence on a conviction for . . . an exclusion offense.” The issue before us is whether defendant is such a person. In making that determination, I begin with the definition of “exclusion offense” in CPL 440.46 (5), which includes, as relevant here, “any . . . offense for which a merit time allowance is not available pursuant to [Correction Law § 803 (1) (d) (ii)]” (CPL 440.46 [5] [a] [ii]). In turn, Correction Law § 803 (1) (d) (ii) provides that a “merit time allowance shall not be available to any person serving an indeterminate sentence authorized for an A-I felony offense ... or any sentence imposed for a violent felony offense as defined in [Penal Law § 70.02] [or other specified offenses].”
Here, it is undisputed that defendant, having been sentenced as a persistent felony offender upon his convictions for criminal sale of a controlled substance in the third degree, is serving indeterminate sentences authorized for an A-I felony offense (see Penal Law § 70.00 [2] [a]; [3] [a] [i]). Accordingly, in my view, defendant is unquestionably serving a sentence on a conviction for an “exclusion offense” — that is, an offense for which a merit time allowance is not available (see CPL 440.46 [5] [a] [ii]) — and is therefore ineligible for resentencing under the Drug Law Reform Act (see People v Gregory, 80 AD3d 624, 624-625 [2011], lv denied 17 NY3d 806 [2011]).
While I do not dispute the remedial nature of the resentencing law or that defendant, arguably, should be entitled to consideration for resentencing, I am not persuaded by the majority’s strained interpretation of CPL 440.46. In my view, the statute does not encompass defendant, and it is the province of the Legislature to amend the law to achieve that outcome, if so desired. It appears that the majority views the reference in CPL 440.46 (5) (a) (ii) to Correction Law § 803 (1) (d) (ii) as being limited to persons convicted of the offenses listed in the latter statute (i.e., a violent felony offense, manslaughter, vehicular manslaughter, criminally negligent homicide) and misreads the statutory language in attempting to distinguish between an “offense” and a “sentence.”
*80 In defining the term “exclusion offense,” CPL 440.46 (5) clearly references Correction Law § 803 (1) (d) (ii) without limitation. Reading Correction Law § 803 (1) (d) (ii) in its entirety, it is apparent that exclusion from eligibility for a merit time allowance is based upon whether the sentence imposed for the offense of which the defendant was convicted is either an indeterminate sentence authorized for an A-I felony offense (subject to a specified exception) or a sentence imposed for a violent felony offense or for one of the other enumerated offenses. Stated otherwise, that statute broadly defines merit time eligibility in terms of the particular sentence imposed, regardless of the specific offense of which the defendant was convicted. In my view, if an “exclusion offense” was only intended to encompass specified offenses, the Legislature would have expressly delineated such offenses in CPL 440.46, and the majority’s interpretation herein ignores and renders meaningless the unconditional reference therein to Correction Law § 803 (1) (d) (ii).
In light of the foregoing, I conclude that, inasmuch as defendant is serving an indeterminate sentence authorized for an A-I felony offense based upon the offense of which he was convicted, such offense constitutes an exclusion offense for which resentencing under CPL 440.46 is unavailable to defendant. I would, therefore, affirm County Court’s order.
Lahtinen and Garry, JJ., concur with Peters, EJ.; Stein, J., dissents in a separate opinion.
Ordered that the order is reversed, on the law, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court’s decision.